```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

SAMUEL J. LASSOFF,                :
                                  :   HONORABLE JOSEPH E. IRENAS
         Plaintiff,               :
                                  :   CIVIL ACTION NO. 05-2261 (JEI)
      v.                          :
                                  :              **OPINION**
STATE OF NEW JERSEY, et al.,      :
                                  :
         Defendants.              :
                                  :

**APPEARANCES:**

LASSOFF LAW ASSOCIATES
By:  Samuel Lassoff, Esq.
1616 Walnut Street, Suite 1105
Philadelphia, PA 19103
        Counsel for Plaintiff

OFFICE OF THE ATTORNEY GENERAL
By:  Tamara Rudow, Esq.
R.J. Hughes Justice Complex
CN 112
25 Market Street
Trenton, NJ 08625
        Counsel for Defendant Nazareno Nepi

COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA
By:  Russell Lichtenstein, Esq.
     Scott Portner, Esq.
1125 Atlantic Avenue, Third Floor
Atlantic City, NJ 08401
        Counsel for Defendants Bally's Park Place, Inc., and
        Eric Denmead

**IRENAS**, Senior District Judge:

   Presently before the Court is the Motion for Partial Summary Judgment by Defendants Bally's Park Place, Inc. ("Bally's") and Eric Denmead, seeking dismissal of Plaintiff Samuel Lassoff's "Dram Shop Act" claim (Count 11 of the Second Amended

Complaint).[1]  For the reasons set forth below, the Motion will be granted.[2]

**I.**

The following undisputed facts are relevant to the present motion.  Lassoff was gambling at Bally's casino on the night of November 1, 2002, and into the morning of November 2, 2002, when he had a physical confrontation with another gambler, Defendant Brian Taylor,[3] at the poker table where they both were playing.

According to Lassoff, Taylor, without warning, and without provocation, abruptly lunged across the poker table, grabbed Lassoff by the throat, and ripped Lassoff's shirt in the process.  According to witness statements taken by Bally's Security personnel, Lassoff called Taylor a "bitch," prompting Taylor to grab Lassoff.  Two witnesses, and Taylor, stated that Lassoff was intoxicated.  None of the witness statements said that Taylor was intoxicated.  Lassoff denies that he was intoxicated.

---

[1] The Second Amended Complaint names Bally's, Denmead, Dori Diaz, and Mike Flemming as Defendants to Count 11.  Diaz and Flemming have been dismissed from the case. In his opposition papers, Lassoff concedes that summary judgment in favor of Denmead is warranted, as Denmead is not a licensed alcoholic beverage server.  Accordingly, summary judgment will be granted to Denmead and the remainder of this opinion will refer only to Bally's as the moving party.

[2] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

[3] Although Taylor is named as a defendant in this case, he is deceased and was never served with process.

There was a bar located on the floor of the casino and cocktail waitresses were serving complementary alcoholic and non-alcoholic drinks to patrons, including Mr. Lassoff.  Taylor had "a drink" in front of him at the poker table.  A Bally's employee working that night testified that she smelled alcohol on Taylor's breath.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).  "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*).  A plaintiff cannot rely on unsupported

assertions, speculation, or conclusory allegations to avoid summary judgment.  *See Celotex*, 477 U.S. at 324.

### III.

New Jersey's "Dram Shop Act," formally entitled the New Jersey Licensed Alcoholic Beverage Server Fair Liability Act, provides:

> a. A person who sustains personal injury or property damage as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from a licensed alcoholic beverage server <u>only if</u>:
>
> (1) The server is deemed negligent pursuant to subsection b. of this section; and
>
> (2) The injury or damage was proximately caused by the negligent service of alcoholic beverages; and
>
> (3) The injury or damage was a foreseeable consequence of the negligent service of alcoholic beverages.
>
> b. A licensed alcoholic beverage server shall be deemed to have been negligent <u>only when the server served a visibly intoxicated person</u>, or served a minor, under circumstances where the server knew, or reasonably should have known, that the person served was a minor.

N.J.S.A. § 2A:22A-5 (emphasis added).  Thus, to establish liability under the statute, a plaintiff must prove, among other things, that the alcoholic beverage server served an alcoholic beverage to a "visibly intoxicated person."

Bally's asserts that Lassoff can point to no evidence in the record from which a reasonable fact finder could conclude that

4

Bally's either served Taylor an alcoholic beverage or that Taylor was visibly intoxicated on the night of the incident.  The Court agrees that there is an utter lack of any evidence in the record that might tend to establish that Taylor was visibly intoxicated.  Indeed, the only evidence in the record tends to prove that Taylor was not visibly intoxicated.

Lassoff himself did not testify that Taylor looked intoxicated.  Lassoff testified that when he first sat down at the poker table, Taylor was not "acting in any inappropriate way,"  (Lassoff Dep. at 98:7-9), and that prior to their physical confrontation, Lassoff could not specifically recall anything about Taylor, other than he was seated at the table with "a drink"[4] in front of him.  (Lassoff Dep. at 113, 116, 118, 119-20, 129, 130)

Similarly, while Bally's employee Dori Diaz testified that she smelled alcohol on Taylor's breath, she also unequivocally testified that he did not have slurred speech, did not stumble, and that she did not remember him making a mistake at the poker table.  (Diaz Dep. at 114-15)

Lassoff asserts that summary judgment should be denied because "[o]n several occasions in 2002, Plaintiff observed that there was a habit, pattern or practice at Bally's of serving alcoholic beverages to visibly intoxicating [sic] patrons with

---

[4] Nothing in the record presently before the Court establishes whether the "drink" in front of Taylor contained alcohol.

5

invariable regularity." (Pl's sur-reply at p. 2-3)  First, Lassoff has no evidentiary support for this assertion.  Bald assertions in briefs are not facts and will not defeat summary judgment.[5]  Second, even if the Court were to accept as true Lassoff's "observation," it does nothing to establish that Taylor was visibly intoxicated.

Because Lassoff can point to no record evidence from which a reasonable fact finder could even infer that Taylor was visibly intoxicated, Bally's Motion for Summary Judgment will be granted as to Count 11 of the Second Amended Complaint.

**IV.**

For the above-stated reasons, Defendants' Motion for Partial Summary Judgment will be granted.  The Court will issue an appropriate order.

July 25, 2007

s/ Joseph E. Irenas
**JOSEPH E. IRENAS, S.U.S.D.J.**

---

[5] Lassoff Law Associates is representing Lassoff in this case, although practically speaking, Lassoff, a licensed attorney, is representing himself in this case.  The Court has warned Lassoff of the difficulties of representing himself when he is the key witness in his case.  Lassoff's deposition "testimony" contains legal argument and conclusions, while his briefs contain assertions of fact unsupported by evidence.  Despite the Court's strong encouragement to retain separate counsel, Lassoff persists in his attempt to simultaneously be a lawyer, party, and witness in this case.